# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2005-8, ASSET-BACKED CERTIFICATES, SERIES 2005-8, a California Company,

        Plaintiff,

    v.

SFR INVESTMENTS POOL 1, LLC, a Nevada Limited Liability Company,

        Defendant.

Case No.: 2:15-cv-01664-RFB-EJY

**ORDER**

## I. INTRODUCTION

Before the Court are Defendant SFR Investment Pool 1, LLC's ("SFR") Motion to Dismiss, Plaintiff Deutsche Bank National Trust Company's ("Deutsche Bank") Motion for Summary Judgment, and Defendant SFR's Motion for Summary Judgment. ECF Nos. 32, 39, 40. For the following reasons, the Court denies SFR's Motions and grants Deutsche Bank's Motion for Summary Judgment.

## II. PROCEDURAL BACKGROUND

Plaintiff Deutsche Bank filed its complaint against SFR on August 27, 2015. ECF No. 1. The complaint seeks declaratory relief that a nonjudicial foreclosure sale conducted by a homeowners' association under Nevada Revised Statutes ("NRS") Chapter 116 in 2012 did not extinguish a deed of trust on the property. Id. SFR moved to dismiss the case on March 29, 2016. ECF No. 16. The Court administratively stayed the case and dismissed all pending motions without prejudice to refiling on November 22, 2016 pending the issuance of the Ninth Circuit Court of Appeal's mandate in Bourne Valley

Court Tr. v. Wells Fargo Bank. 832 F.3d 1154 (9th Cir. 2016) cert. denied 137 S. Ct. 2296 (2017), and the Nevada Supreme Court's resolution of a certified question. ECF Nos. 22, 26. On April 10, 2019, the Court lifted the stay. ECF No. 31. SFR filed the instant motion to dismiss on April 30, 2019. ECF No. 32. The motion was fully briefed. ECF Nos. 37, 38. Both Deutsche Bank and SFR moved for summary judgment on June 17, 2019. ECF Nos. 39, 40. Both motions were fully briefed. ECF Nos. 44,45, 48, 49.

### III. FACTUAL BACKGROUND

The Complaint alleges the following:

#### a. Factual Allegations in Complaint

On or about April 13, 2005, nonparty Brittney Jensen ("Jensen" or the "borrower") purchased real property located at 6160 Winston Falls Avenue, Las Vegas, Nevada 89139. The property was subject to the covenants, conditions, and restrictions ("CC&Rs") of the Lamplight Square at Coronado Ranch Homeowners Association ("HOA"). The HOA requires homeowners to pay dues.

Jensen secured the loan for the property with a deed of trust identifying GreenPoint Mortgage Funding Inc. as the lender, Marin Conveyancing Corp as the trustee and Mortgage Electronic Registration Systems, Inc ("MERS") as beneficiary acting solely as nominee for Lender. On October 8, 2010, a Corporate Assignment of Mortgage/Deed of Trust was recorded that assigned all interest in the 2005 Note and Deed of Trust to the GSAA Home Equity Tust 2005-8. On March 30, 2013, an assignment of deed of trust was recorded that assigned all beneficial interest in the 2005 Note and Deed of Trust to Deustche Bank.

Jensen fell behind on HOA payments. On July 20, 2011 and November 18, 2011, a notice of delinquent assessment lien and notice of default and election to sell were recorded against the property, respectively.

On February 2012, Bank of America, N.A., Deutsche Bank's predecessor-in-interest sent the super-priority lien amount through its attorneys at Miles Bauer, Bergstrom & Winters LLP ("Miles Bauer") to the HOA trustee Alessi & Koenig LLC. On February 6, 2012, Alessi & Koenig, LLC accepted the tendered check. Despite the tender of the super-priority lien amount, the HOA proceeded with the nonjudicial sale of the property in December 2011. On July 2, 2012, a notice of foreclosure sale under notice of delinquent assessment lien was recorded against the property. A nonjudicial foreclosure sale occurred on July 25, 2012, where SFR purchased the property for $7,550.

### b. Undisputed Facts

The Court finds the facts noted in the prior section to be undisputed as well as the facts in this section. Miles Bauer inquired as to the payoff amount of the superiority portion of the lien through attorney Rock Jung. Alessi & Koenig LLC sent correspondence back to Miles Bauer indicating that the monthly assessments were $152.38. No nuisance or maintenance charges were listed in the payoff statement. Nine months of assessments at $152.38 is $1,371.41. Miles Bauer sent a check worth this amount on February 2, 2012. Alessi's employee Lani Diaz signed for receipt of the check on February 3, 2012.

## IV. LEGAL STANDARD

### a. Motion to Dismiss

In order to state a claim upon which relief can be granted, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss for failure to state a claim, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Security Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks

omitted). Additionally, Federal Rule of Civil Procedure 12 also permits a party to move to dismiss a complaint for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7).

### b. Summary Judgment

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts…. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

## V. DISCUSSION

SFR moves to dismiss the complaint in its entirety, arguing: Plaintiff's claim is barred by a three-year statute of limitations; Plaintiff failed to join a necessary party under Rule 19; and, the action does not comply with NRS 30.130 because parties whose interest may be affected are not included in this action. The Court considers each argument in turn.

### a. Statute of Limitations

Accepting the allegations in the complaint as true, the Court determines whether "the running of the statute is apparent on the face of the complaint." Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997

(9th Cir. 2006) (citation omitted). A complaint may be dismissed as untimely only where "it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1207 (9th Cir. 1995). For statute of limitations calculations, time is computed from the day the cause of action accrued. Clark v. Robison, 944 P.2d 788, 789 (Nev. 1997).The Court finds that the statute of limitations began to run on the date of the foreclosure sale: July 25, 2012. The complaint was filed on August 27, 2015, just over three years later.

This Court has addressed the statute of limitations question many times and has repeatedly concluded that claims derived from liability created by statute are subject to the three-year limitations period of NRS 11.190(3)(a) while relief based on equitable grounds are subject to the four-year limitation period of NRS 11.220. See e.g., Carrington Mortg. Servs., LLC v. Tapestry at Town Ctr. Homeowners Ass'n, 381 F.Supp.3d 1289, 1293 (D. Nev. 2019). Because Deutsche Bank bases its right to relief on the equitable ground of tender, its claims fall within the four-year provision and are therefore timely filed. Id.

### b. Necessary Parties

SFR next argues that the relief sought—a declaration that the HOA sale was void or that Deutsche Bank's deed of trust survived the sale—would affect the HOA's lien rights and Jensen's rights to the property. BNYM responds that the Defendants disclaim any interest in the party. Thus, the parties are neither necessary nor indispensable.

> Under Rule 19, a party shall be joined where:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."
>
> Fed. R. Civ. P. 19(A).

Further, NRS 30.130 states, in part: "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."

The Court finds that it can grant complete relief on the motions currently under consideration without implicating the HOA's or the borrower's interests. Accordingly, the Court will deny SFR's Motion to Dismiss for failure to join indispensable parties.

### c. Motion for Summary Judgment

The Court finds that summary judgment in favor of Deutsche Bank is warranted. The Court finds that a tender by Deutsche Bank's predecessor-in-interest of nine month's worth of assessments prior to the foreclosure sale operated to preserve the deed of trust on the property. Bank of America, N.A. v. SFR Investments Pool 1, LLC ("Diamond Spur"), 427 P.3d 113, 121 (Nev. 2018) (tender of nine months of assessments equal to superpriority portion of lien preserves deed of trust); Bank of America, N.A. v. Arlington West Twilight Homeowners Ass'n, 920 F.3d 620 (9th Cir. 2019) (citing Diamond Spur).

The Court rejects SFR's arguments that Deutsche Bank's claims are time-barred for reasons previously stated in the section of this order addressing SFR's Motion to Dismiss. The Court also rejects SFR's argument that summary judgment should not be entered in favor of Deutsche Bank because injunctive relief is not a stand-alone claim. The argument is unsubstantiated, as SFR cites only to a 1942 California state case in support.

Accordingly, the Court finds that the deed of trust survived the foreclosure sale.

### VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant SFR Investments Pool, 1 LLC's Motion to Dismiss (ECF No. 32) is DENIED.

. . .

. . .

**IT IS FURTHER ORDERED** that Plaintiff Deutsche Bank National Trust Company's Motion for Summary Judgment (ECF No. 39) is GRANTED. The Court quiets title and declares that Defendant SFR Investments Pool 1, LLC acquired the property subject to Deutsche Bank's deed of trust.

**IT IS FURTHER ORDERED** that Defendant SFR Investments Pool 1, LLC's Motion for Summary Judgment (ECF No. 40) is DENIED.

**IT IS FURTHER ORDERED** that the lis pendens filed in this case (ECF No. 5) is expunged

**IT IS FURTHER ORDERED** that the cash deposit of $500, plus any accrued interest, be returned to the Legal Owner designated on the certificate (ECF No. 15).

The Clerk of the Court is instructed to enter judgment accordingly and close the case.

DATED: March 31, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT COURT JUDGE**